IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | CASE NO.: 24-81038-CRJ11 |
| HOMETOWN LENDERS, INC. | ) | |
| EIN: XX-XXX6790 | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| HOMETOWN LENDERS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | A.P. CASE NO.: 24-_____-CRJ |
| vs. | ) | |
| | ) | |
| ANTHONY E. PERRI, SR.; ANTHONY | ) | |
| E. PERRI, JR.; ADAM R. SNIVELY; | ) | |
| CHARLES BATES; CHARLES B. TYE; | ) | |
| CHRISTOPHER J. FIORELLO; | ) | |
| CONRAD C. THOMPSON; | ) | |
| ERIC KIMBLE; EUGENE S. FRAZIER; | ) | |
| HEATHER E. WELCH; KENNETH J. | ) | |
| WILSON; KRISS E. BATES; LOGAN | ) | |
| F. HOFFMAN; MICHAEL P. FARRELL | ) | |
| SHAWN A. MILLER; STEVEN W. | ) | |
| COPUS; WILLIAM E. TAYLOR; | ) | |
| WILLIAM J. DUFFY; AND THE | ) | |
| PRINCIPAL LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Hometown Lenders, Inc., by and through its undersigned

attorneys and files this Complaint against Anthony E. Perri, Sr.; Anthony  E. Perri, Jr.; Adam R.

Snively; Charles Bates; Christopher J. Fiorello; Conrad C. Thompson; Eric Kimble; Eugene S.

Frazier; Heather E. Welch; Kenneth J. Wilson; Kriss E. Bates; Logan F. Hoffman; Michael P.

Farrell; Shawn A. Miller; Steven W. Copus; William E. Taylor; William J. Duffy; and Principal Life Insurance Company for the relief stated herein. Debtor would show unto the Court the following:

## PARTIES

1.    Plaintiff, Hometown Lenders, Inc. is a Debtor and Debtor-in-Possession (hereinafter "Debtor") in the above styled Chapter 11 case and is entitled to file this Adversary Proceeding in accordance with 11 U.S.C. §§ 363, 542 and Rule 7001 of the Federal Bankruptcy Rules.

2.    Defendant, Anthony E. Perri, Sr., is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 1031 Teal Avenue, Will Co., Peotone, IL 60468 with a copy to his attorney Andrew J. Shaver, Bradley Arant, One Federal Place, 1819 Fifth Avenue North, Birmingham, AL 35203-2119.

3.    Defendant, Anthony E. Perri, Jr., is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 19627 S. LaGrange Rd., Lake Co., Mokena, IN 60448, with a copy to his attorney Andrew J. Shaver, Bradley Arant, One Federal Place, 1819 Fifth Avenue North, Birmingham, AL 35203-2119.

4.    Defendant, Adam R. Snively is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 11921 Suncatcher Drive, Hamilton Co., Fishers, IN 46037.

5.   Defendant, Charles Bates is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 7110 Loomis Hills Rd., Placer Co., Loomis, CA 95650.

6.   Defendant, Charles B. Tye is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 166 Valley Rd., Fayette Co., Lexington, KY 40503.

7.   Defendant, Christopher J. Fiorello is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 2124 S. Meadows Dr., Madison Co., Huntsville, AL 35803.

8.   Defendant, Conrad C. Thompson is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 3020 Cliffs Edge Cir. SE, Madison Co., Huntsville, AL 35801.

9.   Defendant, Eric Kimble is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 125 Lakeside Dr., Garrard Co., Lancaster, KY 40444.

10.  Defendant, Eugene S. Frazier is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal

Bankruptcy Rules at 318 Hedgepocket Way, Baltimore County, Reisterstown, MD 21136.

11. Defendant, Heather E. Welch is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at PO Box 1991, Cameron Co., Harlingen, TX 78551.

12. Defendant, Kenneth J. Wilson is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 225 Laprado Place, Jefferson Co., Birmingham, AL 35209.

13. Defendant, Kriss E. Bates is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 1991 Cobblestone Ct., Sutter Co., Yuba City, CA 95993.

14. Defendant, Logan F. Hoffman is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 172 Stony Crossing Rd., Madison Co., Meridianville, AL 35759.

15. Defendant, Michael P. Farrell is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal Bankruptcy Rules at 1581 Hunter Stand Rd., Seminole Co., Oviedo, FL 32765.

16. Defendant, Shawn A. Miller is, upon information a belief, a person who possesses an interest in the non-qualified deferred compensation plan established by Debtor and may be

served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal

Bankruptcy Rules at 3210 Salco Rd., Mobile Co., Chunchula, AL 36521.

17.     Defendant, Steven W. Copus is, upon information a belief, a person who possesses an

interest in the non-qualified deferred compensation plan established by Debtor and may be

served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal

Bankruptcy Rules at 30329 N 123rd Dr., Maricopa Co., Peoria, AZ 85383.

18.     Defendant, William E. Taylor is, upon information a belief, a person who possesses an

interest in the non-qualified deferred compensation plan established by Debtor and may be

served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal

Bankruptcy Rules at 188 Tanner Rd., Madison Co., New Market, AL 35761.

19.     Defendant, William J. Duffy is, upon information a belief, a person who possesses an

interest in the non-qualified deferred compensation plan established by Debtor and may be

served with process by first class mail postage prepaid pursuant to Rule 7004 of the Federal

Bankruptcy Rules at 8516 NE 193rd St., Snohomish Co., Bothell, WA 98011.

20.     Defendant, Principal Life Insurance Company ("Principal"), is a foreign corporation in

possession of funds from the Debtor's non-qualified deferred compensation plan

established by Debtor and may be served with process by first class mail postage prepaid

pursuant to Rule 7004 of the Federal Bankruptcy Rules at c/o Principal Financial Group,

Attn: Daniel Houston, President/CEO, 711 High Street, Polk Co., Des Moines, IA 50392.

## JURISDICTION AND VENUE

21.     This Honorable Court has jurisdiction to hear this adversary proceeding pursuant to 28

U.S.C. § 1334 which grants this Court jurisdiction over proceedings arising under Title 11,

or arising in or related to cases under Title 11.

22. Venue is proper in this district and division in accordance to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF SOUGHT

23. This adversary proceeding is commenced pursuant to Sections 363 and 542 of the Bankruptcy Code and Rules 7001(2)(8) and (9) of the Federal Rules of Bankruptcy procedure to determine ownership and entitlement to certain deferred compensation benefits held by Principal.

## FACTUAL BACKGROUND

24. On June 3, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code thereby commencing a Chapter 11 case. Since the Petition Date, Debtor has continued possession of its assets pursuant to §§ 1107 and 1108 of Bankruptcy Code and no trustee has been appointed.

25. Debtor is a corporation organized and existing under the laws of the State of Alabama. Its corporate headquarters was located in Huntsville, Alabama. The sole shareholder of the Debtor is William "Billy" Taylor, Jr.

26. As an independent mortgage banker, the Debtor's principal business was to facilitate the purchase of residential real properties by extending mortgages to qualified buyers which were then subsequently sold to industry investors such as Fannie Mae and Freddie Mac.

27. As a mortgage originator, the Debtor was subject to certain economic and regulatory risks which could impact its loan production. One of the largest risks was related to interest rates. Commencing in 2022, the Debtor's top line revenue declined over 70% as a consequence of the Federal Reserve's policy to curb inflation which increased mortgage rates to a 20-year high. The Debtor was unable to overcome this unforeseen adverse market condition in the mortgage industry and as a result it was forced to terminate its remaining

employees and cease all business operations as of October 13, 2023.

## Deferred Compensation Plan

28.     On or about January 1, 2021, the Debtor established a "The Nonqualified Deferred Compensation Plan" (hereinafter, "Plan"). A true and correct copy of the Plan is attached as Exhibit 1.

29.     As stated in the Plan, its purpose was to "provide a means by which certain management employees or independent contractors of the Employer may elect to defer receipt of current compensation from the Employer in order to provide retirement and other benefits on behalf of such employees". "The Plan is intended to be a nonqualified deferred compensation plan that complies with the provisions of Section 409A of the Internal Revenue Code (the "[IRS] Code"). "The Plan is also intended to be an unfunded plan maintained primarily for the purpose of providing deferred compensation benefits for a select group of management or highly compensated employees under Sections 201(2), 301(a) and 401(a)(l) of the Employee Retirement Income Security Act of 1974 ("ERISA")".

30.     Section 3 of the Plan gave the Debtor the discretion to determine who was eligible to participate in the Plan. Furthermore, the Debtor had full authority and discretion to make, interpret and enforce all rules and regulations for the administration of the Plan and resolve all questions of the Plan pursuant to Section 9 of the Plan. Additionally, any action taken by the Debtor with regard to the Plan was final and conclusive on all participants. The Plan also allowed but did not require the Debtor to make discretionary credits into the Plan. However, at no time did the Debtor make such credits.

31.     Section 10 of the Plan states as follows:

        Contractual Liability. Unless otherwise elected in the Adoption Agreement,

the Company shall be obligated to make all payments hereunder. This obligation shall constitute a contractual liability of the Company to the Participants and such payments shall be made from the general funds of the Company. The Company shall not be required to establish or maintain any special or separate fund or otherwise to segregate assets to assure that such payments shall be made and the participants shall not have any interest in any particular assets of the Company by reason of its obligations hereunder. To the extent that any person acquires a right to receive payment from the Company under the Plan, such rights shall be no greater than the right of an unsecured creditor of the Company.

32. In conjunction with the execution of the Plan, Debtor also created an Adoption Agreement between itself and plan participants. A true and correct copy of the Adoption Agreement is attached as Exhibit 2. The Adoption Agreement reinforces that the Plan was an unfunded, non-qualified deferred compensation plan, the provisions of which were intended to comply with the requirements of Section 409A of the IRS Code.

33. The Debtor also provided plan participants with a copy of the Plan Summary, which specified that the purpose of the Plan was to allow certain employees the opportunity to defer on a pretax basis income in excess of a qualified retirement plan limits. See, Exhibit 3. This Plan Summary specifically stated that "[t]he Plan is a nonqualified deferred compensation plan. Unlike a qualified plan, your Employer is not required to fund the benefits payable under the Plan. In other words, amounts you defer may not be paid into a trust for the purpose of playing your plan benefits. Even if deferred amounts are set aside in a trust, any value in the trust is subject to the Company's general creditors." *Id*. at 4. The Plan Summary further states that a participant's benefits under the Plan was a contractual obligation of the Debtor.

34. At all times material hereto, the Plan contributions were maintained at The Principal.

35. The Defendants, other than The Principal, each made contributions to the Plan in varying amounts. As of the Petition Date, the aggregate value of the Plan assets was approximately

$909,919.77.

36.     The Debtor asserts that all of the Plan assets belong solely to the Debtor and are subject to the claims of its general creditors.

## COUNT I

37.     Debtor realleges and incorporates paragraphs one through thirty-six as if fully set out herein.

38.     This is a claim under Rule 7001 of the Federal Bankruptcy Rules to determine that the assets within the Plan are property of the Estate under §541 of the Bankruptcy Code and further declare that the Defendants do not have an interest in the Plan assets.

39.     The Debtor's Plan is commonly referred to a "top hat" plan "which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." *Holloman v. Mail– Well Corporation*, 443 F.3d 832, 837 (11th Cir.2006).

40.     From its inception, the Plan was unfunded.  At no time did the Debtor set aside funds separate from its general assets for payment of plan benefits. Also, at no time did the Debtor make contributions to the Plan on behalf of the Participants.

41.     The Plan specifically states that the Company's obligations to the Participant under the Plan are contractual. Furthermore, payments to the Participants are made from the general funds of the Company.  Section 10 further states that the Participants rights in the Plan were not greater than that of an unsecured creditor.

42.     The aggregate value of the Plan represented by its assets is therefore property of the Bankruptcy Estate under §541 of the Bankruptcy Code.  The assets of the Plan were not maintained separate from the general assets of the Debtor and the plan participants had no legal ownership rights to the assets in the Plan.  The Plan is clear that plan participants

rights are not greater than a general unsecured creditor to payments from the Plan.

43.     Debtor therefore seeks the entry of an order authorizing it, but not requiring it, to exercise ownership rights with respect to all of the Plan assets including, without limitation, the right to direct the liquidation of the Plan and further to direct the transfer, investment, termination, liquidation and other disposition of all Plan assets and the proceeds thereof.

WHEREFORE, PREMISES, CONSIDERED, Debtor Hometown requests that the Court enter an Order granting it the relief requested herein and such further and additional relief to which it is justly entitled.

## COUNT II

44.     Debtor realleges and incorporates paragraphs one through forty-three above as if fully set out herein.

45.     This is an action for turnover of Estate Property pursuant to Section 542 of the Bankruptcy Code.

46.     Defendant Principal is in possession, custody and control the aggregate value of the Plan assets that are property of the Estate.

WHEREFORE, PREMISES CONSIDERED, Debtor seeks the entry of an Order requiring Defendant Principal to turnover pursuant to § 542 of the Bankruptcy Code the aggregate value of the Plan assets, as well as for such further and additional relief as to which Debtor is justly entitled.

## COUNT III

47.     Debtor realleges and incorporates paragraphs one through forty-six above as if fully set out herein.

48.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that the Debtor may after notice and a hearing, " use, sell, or lease, other than in the ordinary course of business, property of the estate." In determining whether to authorize the use of property outside the

ordinary course of business, courts typically require debtors show that a sound business purpose warrants such action. *See e.g., In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Del. 1999).

49.     Furthermore, Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

50.     In the exercise of its sound business judgment, the Debtor desires to exercise ownership rights over the Plan Assets, and its decision is undertaken in good faith and is in the best interest of the Debtor's estate and its creditors. By pursuing these rights, the Debtor does not affect the interest of any other party, as the Plan Assets are solely assets of the Debtor which it holds for the benefit of its general creditors.

51.     The relief requested herein could lead to the realization of approximately $900,000 of assets and assure that those assets are made available for distribution to creditors of the Debtor.

WHEREFORE, PREMISES CONSIDERED, Debtor requests the entry of an Order granting it the relief requested herein and further authorizing the Debtor to take ownership and possession of the Plan assets to be deposited into its Debtor-in-Possession Account subject to further orders from this Court, as well as such further and additional relief as to which Debtor is justly entitled.

Respectfully submitted this 17th day of June, 2024.

/s/ Kevin D. Heard
Kevin D. Heard

/s/ Angela S. Ary
Angela S. Ary

*Attorneys for Debtor*
HEARD, ARY & DAURO, LLC
303 Williams Avenue, Suite 921
Huntsville, Alabama 35801
Tel: 256-535-0817
kheard@heardlaw.com
aary@heardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2024, I served a copy of the foregoing **AP Complaint** on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed or via electronic mail at the e-mail address below, or via the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**
Richard Blythe Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov
Richard E. O'Neal, Attorney for the IRS USAALN.BANKRUPTCY@usdoj.gov
Stuart M. Maples, Attorney for William Taylor, Jr. SMaples@mapleslawfirmpc.com
Andrew J. Shaver Attorney for Tony Perri Sr. & Jr. ashaver@bradley.com , ashaver@ecf.courtdrive.com

**Notice will be mailed via U.S. Certified Mail to Defendants as follows:**
Anthony Perri, Sr., 1031 Teal Avenue, Will County, Peotone, IL 60468
Anthony Perri, Jr., 19627 S. LaGrange Rd., Lake County, Mokena, IN 60448
Adam Snively, 11921 Suncatcher Drive, Hamilton County, Fishers, IN 46037
Charles Bates, 7110 Loomis Hills Rd., Placer County, Loomis, CA 95650
Charles B. Tye, 166 Valley Rd., Fayette County, Lexington, KY 40503
Christopher J. Fiorello, 2124 S. Meadows Dr., Madison County, Huntsville, AL 35803
Conrad C. Thompson, 3020 Cliffs Edge Cir. SE, Madison County, Huntsville, AL 35801
Eric Kimble, 125 Lakeside Dr., Garrard County, Lancaster, KY 40444
Eugene S. Frazier, 318 Hedgepocket Way, Baltimore County, Reisterstown, MD 21136
Heather E. Welch, PO Box 1991, Cameron County, Harlingen, TX 78551
Kenneth J. Wilson, 225 Laprado Place, Jefferson County, Birmingham, AL 35209
Kriss E. Bates, 1991 Cobblestone Ct., Sutter County, Yuba City, CA 95993
Logan F. Hoffman, 172 Stony Crossing Rd., Madison County, Meridianville, AL 35759
Michael P. Farrell, 1581 Hunter Stand Rd., Seminole County, Oviedo, FL 32765
Shawn A Miller, 3210 Salco Rd., Mobile County, Chunchula, AL 36521
Steven A. Copus, 30329 N 123rd Dr., Maricopa County, Peoria, AZ 85383
William E Taylor, 188 Tanner Rd., Madison County, New Market, AL 35761
William J. Duffy, 8516 NE 193rd St., Snohomish County, Bothell, WA 98011
Principal Life Insurance Company, c/o Principal Financial Group, Attn: Daniel Houston, President/CEO, 711 High Street, Polk County, Des Moines, IA 50392

*/s/ Kevin D. Heard*
Kevin D. Heard